## CIRCUIT COURT OF LOUDOUN COUNTY

Sherrye Reese

v.

Metropolitan Washington
Airports Authority et al.

November 9, 1995

Case No. (Law) 16569

By Judge James H. Chamblin

This case is before the Court on the Plaintiff's Motions to Amend her Motion for Judgment to (1) add Thomas Staker as a party defendant, (2) increase the claim for compensatory damages from $250,000.00 to $2,750,000.00, and (3) add a claim for punitive damages in the amount of $2,750,000.00.

For reasons that follow, the Motion to add the party defendant and to increase the compensatory damages claim is granted, but the Motion to add a claim for punitive damages is denied.

### Procedural History of the Case

On June 12, 1995, the Plaintiff filed her Motion for Judgment against the "Washington Metropolitan Airport Authority" and "John Doe Mobile Lounge Driver" seeking damages for personal injuries she sustained as a passenger on a mobile lounge at Washington Dulles International Airport on August 4, 1993. She alleges negligence by the operator of the mobile lounge, John Doe Mobile Lounge Driver, an agent or employee of the Authority.

The only service of process in the case occurred on June 28, 1995, when a deputy sheriff of the City of Alexandria served "Edward Faggen in person, who is ATT. [attorney] of the within named Corporation." Mr. Landau's letter of June 9, 1995, to the Clerk of this Court states "Please serve the defendant Metropolitan Washington Airports Authority at: Ed-

ward S. Faggen, Esq., 44 Canal Center Plaza, Alexandria, Virginia 22314."

On July 19, 1995, an Answer and Grounds of Defense was filed herein and signed by Ms. Ledig. In four places, the pleading refers to the "Defendants Metropolitan Washington Airports Authority and John Doe Mobile Lounge Driver, a.k.a. Thomas Staker." Ms. Ledig signed the Answer and Grounds of Defense as attorney for the Defendants Metropolitan Washington Airports Authority and John Doe Mobile Lounge Drive, a.k.a. Thomas Staker.

On August 3, 1995, the Plaintiff filed a Motion to Amend the Motion for Judgment "to add Thomas Staker as a party defendant." On August 23, 1995, Ms. Ledig filed a "Defendants' Opposition to Plaintiff's Motion to Amend." It is ambiguous whether she filed the Opposition on behalf of the Authority or John Doe Mobile Lounge Driver or both. The sole basis of the opposition is that Section 22(B), Chapter 598, Virginia Acts of Assembly (1985) creating the Authority prohibits a suit against Staker individually.

On September 29, 1995, the Plaintiff filed another Motion to Amend requesting the three amendments recited in the first paragraph hereof.

Counsel filed memoranda, and the Court heard oral argument on October 6, 1995.

*Motion to Amend to Add Thomas Staker as a Party Defendant*

Section 22(B) of the Authority's enabling legislation provides:

> *The Authority shall be liable for its contracts and for its torts and those of its members, officers, employees, and agents* committed in the conduct of any proprietary function, in accordance with the law of the Commonwealth of Virginia but shall not be liable for any torts in the performance of a governmental function. *The exclusive remedy for such breach of contracts and torts for which the Authority shall be liable, as herein provided, shall be suit against the Authority.* Nothing in this act shall be construed as a waiver by the Commonwealth of Virginia or the District of Columbia or its political subdivisions of any immunity from suit.

(Emphasis supplied.)

This section concerns only the liability of the Authority. It does not limit the liability of its employees or agents. It does not provide that a suit

against the Authority is the exclusive remedy for a tort committed by an agent or employee of the Authority in the course of his employment. This section does not prohibit the Plaintiff from bringing suit against Thomas Staker for a tort he allegedly committed during the course of his employment by the Authority.

Ms. Ledig also asserts that the Plaintiff should not be allowed to add Thomas Staker as a party defendant because the two year statute of limitations has run and the claim cannot "relate back" under § 8.01-6. Her assertions may be correct in the abstract, but they do not prevent the addition of Thomas Staker as a party defendant. The bar of the statute of limitations is an affirmative defense. It can only be asserted by the defendant affected. Thomas Staker is not yet a party defendant in this case. The Authority cannot assert the defense for him.

Section 8.01-6 is the misnomer statute. It has no application at this time because the Plaintiff seeks to add Thomas Staker as a party defendant. She does not seek to correct the name of the mobile lounge driver. The Amended Motion for Judgment tendered with the Motion to Amend filed September 29, 1995, contains allegations against both John Doe Mobile Lounge Driver and Thomas Staker.

Thomas Staker has never been served with process. The Plaintiff is permitted to add him as a party defendant pursuant to Rule 3:14, and the Plaintiff shall proceed against him pursuant thereto. If any argument is to be made that he has subjected himself to the jurisdiction of this Court because of the pleadings filed herein by Ms. Ledig, then it will be heard at a later date upon notice to Mr. Staker and an opportunity for him to participate in such a hearing.

*Increase of Claim for Compensatory Damages in Ad Damnum Clause*

Ms. Ledig merely argues that the Plaintiff has offered no evidence to support a compensatory damage claim of $2,750,000.00. This is not a sufficient reason to deny the Plaintiff's request. The Plaintiff could have asked for compensatory damages of $2,750,000.00 in her original Motion for Judgment, and the Defendants could not have objected. Nothing has been asserted to show any prejudice to the defendants if the amendment is granted.

The Plaintiff is granted leave to amend the *ad damnum* clause to increase the compensatory damage claim from $250,000.00 to $2,750,000.00.

### *Plaintiff's Claim for Punitive Damages*

The Plaintiff desires to amend her Motion for Judgment to include: (1) what she characterizes as allegations of gross negligence and/or a reckless disregard of the rights of others on the part of the Authority through its officers, agents, employees, and servants and (2) a claim for punitive damages of $2,750,000.00.

The Amended Motion for Judgment filed with the Motion to Amend on September 29, 1995, sets forth no facts to support a claim for punitive damages. No facts are alleged to show a willful and wanton disregard of the Plaintiff's rights. General conclusory allegations of such conduct by the defendants are not sufficient. The allegations are of mere negligence.

The other issues raised by Ms. Ledig do not need to be addressed.

### *Order*

Let Ms. Ledig prepare an order consistent herewith to which either counsel may note their exceptions. The Plaintiff is granted leave to file another amended motion for judgment within ten days after entry of the order. If Mr. Staker is still made a party defendant, he must be brought in and served as provided by Rule 3:14. The Authority will have twenty-one days to file responsive pleadings.